UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY MOREHOUSE,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et. al.,<br><br>    Defendants. | **CASE NO. 1:16-cv-00986-MJS (PC)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 8)**<br><br>**THIRTY-DAY DEADLINE TO AMEND** |

    Plaintiff is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 11, 2016. (ECF No. 1.) On September 22, 2016, the Court dismissed Plaintiff's civil rights complaint for failure to state a claim, but granted leave to amend. (ECF No. 7.) Plaintiff's October 3, 2016 first amended complaint ("FAC") is before the Court for screening. (ECF No. 8.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners and pretrial detainees seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff's claims stem from his incarceration in the Lerdo Pretrial Facility of the Kern County Jail in Bakersfield, California. He brings this action against the Kern County Sheriff's Office ("KCSO"), "Kern County Mental Health," and Nurse Judy (last name unknown).

Plaintiff's first civil rights complaint alleged that he had been incarcerated in the Lerdo Pretrial Facility since April 26, 2016 and had yet to receive any psychiatric medication. (ECF No. 1 at 3.) His FAC makes the following allegations:

At some point after June 27, 2016, Plaintiff began receiving psychiatric medications. However, on September 8, 2016, after Plaintiff saw a "CMH," Plaintiff's medications were cut off. On September 12, 2016, Plaintiff filed a grievance to complain about his medications being cut off. In response, he was told that his medications were not cut off, but rather increased. Plaintiff contends they were in fact stopped for at least a week, and were never increased. Plaintiff refers the Court to the grievances he filed, but no grievances are included with the complaint.

Plaintiff seeks injunctive and compensatory relief.

### IV. Analysis

In screening and dismissing Plaintiff's first civil rights complaint, the Court advised Plaintiff that he was not to add new claims in his amended complaint. Apparently disregarding this directive, Plaintiff drafted his FAC to include events that occurred *after* his suit was filed. Nonetheless, the Court will grant Plaintiff a degree of leeway in screening his FAC as the new allegations appear to relate to an alleged ongoing failure to provide Plaintiff with psychiatric medication. See, e.g., Fed. R. Civ. P. 15(d) (permitting a plaintiff to supplement his complaint with facts that arose after the suit was filed.)

#### A. Municipal Entity Liability

Plaintiff sues the KCSO and Kern County Mental Health, both county entities. He thus appears to make a Monell claim.

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive

others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978)). Counties may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. Castro, 797 F.3d at 670 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 131 (1989) and Monell, 436 U.S. at 691) (quotation marks omitted); see also Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson v. Cty. Of Washoe, Nev., 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. Id. at 1195.

In this case, Plaintiff has not linked the underlying violation of his rights to a policy or practice attributable to the county, nor has he provided any facts showing that the county knew of, and blatantly ignored, constitutional violations committed by its employees. Therefore, all claims against the KCSO and Kern County Mental Health will be dismissed. Plaintiff was previously advised of this deficiency, but failed to correct it. No useful purpose would be served by again granting him leave to amend his claims against the KCSO or Kern County Mental Health.

### B.    Doe Defendants

Plaintiff's FAC includes only one named Defendant, Nurse Judy. He states the other nurses responsible for his injuries refused to give Plaintiff their names. It thus appears Plaintiff may wish to bring suit against several Doe defendants.

The use of Doe defendants generally is disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe defendants until such defendants have been identified. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities). However, in order to proceed to discovery, Plaintiff must first state a cognizable claim.

Furthermore, under § 1983, Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.    Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, Plaintiff must distinguish between Doe defendants by, for example, referring to them as "John Doe 2," "John Doe 3," and so on, and describe what each did or failed to do to violate Plaintiff's rights. See Ingram v. Brewer, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. January 12, 2009) ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights."). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).   Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal.

Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

### C. Cruel and Unusual Punishment

Plaintiff alleges Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment when Plaintiff did not receive his medications. As Plaintiff was previously advised, however, his claims are properly evaluated under the Due Process Clause of the Fourteenth Amendment because he appears to be a pretrial detainee.[1]

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro v. Cty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *7 (9th Cir. Aug. 15, 2016) (en banc) (slip op). Although Castro did not expressly extend its holding to other Fourteenth Amendment violations, the Court sees no reason why the same rationale should not apply to other Fourteenth Amendment conditions of confinement claims.

Accordingly, in order to proceed on such a claim, Plaintiff must allege "(1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct

---

[1] If Plaintiff has been convicted and is serving a sentence, or is being detained civilly, he should so advise the Court.

6

obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries." Id. With respect to the third element, the defendant's conduct must be "objectively unreasonable." Id. (citing Kingsley, 135 S. Ct. at 2473).

Here, Plaintiff has not stated who made the intentional decision to deny him psychiatric medication, how that decision placed Plaintiff at risk of harm, or how the individual responsible knew of the risk and failed to abate it. Plaintiff's FAC will be dismissed. Plaintiff will be granted one final opportunity to file an amended complaint, if he believes he can state claim against individual defendants only. If he does not know a particular defendant's name, he may refer to him or her as a "Doe."

## V.   Conclusion

Plaintiff's complaint fails to state a cognizable claim. The Court will provide Plaintiff one final opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court advises Plaintiff an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's FAC (ECF No. 8) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed October 3, 2016;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal;

7

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned this action will be dismissed, with prejudice, for failure to state a claim and failure to obey a court order, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:  January 1, 2017        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE