UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY MOREHOUSE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY SHERIFF'S OFFICE, et. al.,<br><br>　　　　Defendants. | **CASE NO. 1:16-cv-00986-MJS (PC)**<br><br>**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 10)**<br><br>**CLERK TO CLOSE CASE** |

　　　　Plaintiff is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 4.) No other parties have appeared in the action.

　　　　Plaintiff filed this action on July 11, 2016. (ECF No. 1.) On January 3, 2017, the Court dismissed Plaintiff's first amended complaint ("FAC") for failure to state a claim, but granted leave to amend. (ECF No. 9.) Plaintiff's January 18, 2017 second amended complaint ("SAC") is before the Court for screening. (ECF No. 10.)

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners and pretrial detainees seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff's claims stem from his incarceration in the Kern County Jail in Bakersfield, California. He brings this action against Nurse Judy (last name unknown) and Does 1-3, all nurses with the KCSO.[1]

Plaintiff's SAC makes the following allegations:

Plaintiff was not given medication from April 26, 2016 until sometime after June 27, 2016. On September 8, Plaintiff's medications were cut off. Plaintiff filed a grievance and was told by F. Gonzalez (not a defendant) that according to CMH records, Plaintiff's medications were not cut off, but rather increased. Plaintiff maintains that medical log books would show the dates that Plaintiff did not receive his medications and that his medications were never increased.

Plaintiff asked Nurse Does 1-3 about his medication and was told by all that apparently his medications had not have been reordered in time, but they would check. Plaintiff states that without his medication, he and others are placed in danger. Plaintiff also suffers from severe mental anguish, anxiety, and depression. He asks that his medications be provided to him on a regular basis, and that he be given monetary compensation for his pain and suffering.

### IV. Analysis

Plaintiff's SAC alleges he was denied medication. Plaintiff does not identify the medication withheld (although his first complaint referred to psychiatric medications for bipolar and anxiety disorders). (ECF No. 1 at 3.)

Plaintiff was advised that an amended complaint superseded any prior complaint in its entirety. Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc); Local Rule 220. Despite this, he failed to identify the type of medication he was denied in

---

[1] The caption of Plaintiff's SAC also names the Kern County Sheriff's Office ("KCSO") and "Mental Health" as Defendants. Plaintiff was previously advised that claims against county entities were not cognizable absent a showing that a policy or practice of the county led to Plaintiff's injuries. (ECF No. 9 at 4.) As Plaintiff had already been advised of the deficiencies in his pleadings against the KCSO and Mental Health (ECF No. 7 at 3-4) the Court denied Plaintiff leave to renew these claims in his SAC. (ECF No. 9 at 4.) Plaintiff does not attempt to state any claims against the KCSO or Mental Health in his SAC.

his SAC.

Plaintiff was also advised that he needed to "set forth specific facts as to each individual defendant's" deprivation of his rights, and not merely attribute liability to a group of defendants. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Despite this, Plaintiff fails to specify what each defendant personally said or did what to violate his rights. For the reasons stated below, Plaintiff's SAC will be dismissed for failure to state a claim. Further leave to amend would be futile, and will be denied.

### A.    Cruel and Unusual Punishment

Plaintiff alleges Defendants violated his rights under the Eighth and Fourteenth Amendments when they failed to give Plaintiff his medications. As Plaintiff is a pretrial detainee, however, the Eighth Amendment does not apply.[2]

The standard applicable to a pretrial detainee's claim for inadequate medical care under the Fourteenth Amendment is presently not clear. In the past, such claims were subject to the same state of mind requirement as an Eighth Amendment violation, i.e., subjective and deliberate indifference to a substantial risk of serious harm. See Clouthier v. County of Contra Costa, 591 F.3d 1232 (9th Cir. 2010). However, that holding was called into question by the United States Supreme Court in a Fourteenth Amendment excessive force case, Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). Most recently, the Ninth Circuit extended the Kingsley rationale to a Fourteenth Amendment failure-to-protect claim. Castro v. Cty. of Los Angeles, No. 12-56829, 2016 WL 4268955, at *7 (9th Cir. Aug. 15, 2016) (en banc) (slip op). Although Castro did not expressly extend its holding to other Fourteenth Amendment violations, the Court sees no reason why the same rationale should not apply to other Fourteenth Amendment conditions of confinement claims.

Accordingly, in order to proceed on such a claim, Plaintiff must allege "(1) the defendant made an intentional decision with respect to the conditions under which the

---

[2] The Court presumed Plaintiff is a pretrial detainee based on his place of incarceration.  Plaintiff was instructed to inform the Court if this was a mistaken conclusion; he has given no such notice.

4

plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries." Id. With respect to the third element, the defendant's conduct must be "objectively unreasonable." Id. (citing Kingsley, 135 S. Ct. at 2473).

Here, Plaintiff states he did not receive his medications between April 26 and June 27, 2016, and again after September 8. When Plaintiff filed a grievance he was told that his medication had actually been increased after September 8. Does 1-3 informed him that his medication must not have been ordered in time, but that they would look into it.

These facts fall woefully short of stating a constitutional claim. Plaintiff has not alleged how any individual, Defendant or otherwise, made an intentional decision to cut off his medications or refuse to administer them. Plaintiff does not explain how failing to provide his medications placed him at risk of serious harm. He does not allege that any individual, Defendant or otherwise, knew of Plaintiff's potential risk, and failed to take steps to abate it. Plaintiff was twice advised of these deficiencies and twice given the opportunity to correct them. His failure to so correct them affords a reasonable basis for concluding he cannot. Thus, further leave to amend would be futile.

## V.   Conclusion

Plaintiff's complaint fails to state a claim. Further leave to amend is denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's SAC (ECF No. 10) is DISMISSED for failure to state a claim;
2. The Clerk of Court shall CLOSE this case and terminate all pending motions; and

3. Dismissal counts as a strike under the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: February 27, 2017          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

3. Dismissal counts as a strike under the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: February 27, 2017          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE